STEPTOE, JUDGE:
Judge Bailey and Pauline Lucion, who are sisters living in separate, side-by-side dwellings in McDowell County, filed separate claims against the respondent for real and personal property damages which they separately incurred as a result of two rock and earth slides which descended upon their respective homes on 21 July 1992 and 27 July 1992, from a nearby embankment above their homes, which supported West Virginia Secondary Route 7, in McDowell County, at the town of Hensley.
Respondent denied negligence on its part. The cases were consolidated for hearing, which took place on 5 August 1993.
It appears from the evidence that the residence of each claimant had been constructed many years before the slides of July 1992; that the rear of each home was within a few feet of the *56 foot of a steep highway embankment which rose as much as thirty feet from the level on which the residences rested; that the slides took place after a period of heavy rains; and that the embankment material which came to rest against the houses was largely mud and rock, the level of which eventually rose to about five feet against the Lucion house. Extensive damage was done to each house, in the case of the Bailey property caused by a tree which had been displaced and fell against her house.
It further appears from the evidence that prior to 21 July 1992 complaints had been lodged with respondent about the surface water coming over the road and down the embankment and under the claimants’ homes.
If further appears from the evidence that the instability of the embankment immediately before the slide which caused the damage to claimant’s homes was due to respondent’s failure to prevent large quantities of surface water originating from the upper side of Route 7, from crossing the road and entering upon and permeating the embankment immediately above claimants’ homes; that there was a ditch on the upper side of the road, but it was frequently obstructed and infrequently cleared by the respondent, so much so that one of the claimants herself took it upon herself, from time to time, to try to clear it. It may well be, moreover, that respondent’s action in driving new guardrails into the embankment, several months before the slide, contributed to the instability of the embankment.
In any event, respondent was on notice of instability of the embankment and failed to take effective measures to deal with the problem, and its failure to do so was negligence which proximately caused the damage to the claimants’ homes.
Damages proximately caused by such negligence were:
1.) to Judy Bailey:.
Electrical work, materials and labor $3,700.00
Floor covering for dining room 500.00
19-inch Samsun TV set 166.00
Nintendo set 129.00
AM-FM cassette 60.00
Clock radio 29.95
Clean-up expense 200.00
inconvenience and loss of use of home 1,000,00
TOTAL $5,784.95
2.) to Pauline Lucion:
Furnace re-work, repair of cracks in foundation, replacement of concrete sidewalk, vinyl siding,
*57 roof over-hang and guttering and spouting $2,100.00
Labor employed by claimant 680.00
Clean-up materials 50.00
Gravel and lime 111.29
Replacement of Rainbow Cleaner 639.40
Paint 42.35
Damage to water softener 100.00
Damage to lawn mower 50.00
Damage to antique furniture 500.00
Damage to bicycle 60.00
Loss of Christmas ornaments 100.00
Loss of old clothing 100.00
Loss of books 100.00
Loss of building materials purchased in 1991 210.00
Loss of school supplies 100.00
Inconvenience and loss of use of home 1,000.00
TOTAL $5,943.04.
Award to Judy Bailey in the amount of $5,784.95.
Award to Pauline Lucion in the amount of $5,943.04.